UNITED STATES of America,
Appellee,

v.

Tim M. BABCOCK, Appellant.

No. 75–1285.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 19, 1975.

Decided Feb. 10, 1976.

As Amended March 3, 1976.

Rehearing Denied March 30, 1976.

Raymond G. Larroca, Washington, D. C., with whom Herbert J. Miller, Jr., Washington, D. C., was on the brief for appellant.

Thomas F. McBride, Asst. Sp. Prosecutor, Washington, D. C., for appellee. Henry S. Ruth, Jr., Sp. Prosecutor, Peter M. Kreindler, Counsel to the Prosecutor, Kenneth S. Geller and James L. Quarles, III, Asst. Sp. Prosecutors, Washington, D. C., were on the brief for appellee.

Before LEVENTHAL and WILKEY, Circuit Judges and SOLOMON,* United States Senior District Judge for the District of Oregon.

SOLOMON, Senior District Judge:

Tim Babcock pleaded guilty to a misdemeanor charging him with aiding Armand Hammer make illegal campaign contributions in violation of the Federal Election Campaign Act of 1971. 2 U.S.C. §§ 440 and 441; 18 U.S.C. § 2. The district court sentenced Babcock to

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

a short prison term under Section 441(a). Babcock argues on appeal that Subsection (b) of Section 441 limits Subsection (a) by barring a prison term for a misdemeanor conviction. We reject this contention and affirm.

On August 21, 1974, Babcock and the special prosecutor entered into a plea agreement in which Babcock agreed to plead guilty to an information charging him with a "misdemeanor in violation of Title 2, United States Code, Sections 440 and 441. . . ." Those sections at the time of the offense provided:

2 U.S.C. § 440:

No person shall make a contribution in the name of another person, and no person shall knowingly accept a contribution made by one person in the name of another person.

2 U.S.C. § 441:

(a) Any person who violates any of the provisions of this subchapter shall be fined not more than $1,000 or imprisoned not more than one year, or both.

(b) In case of any conviction under this subchapter, where the punishment inflicted does not include imprisonment, such conviction shall be deemed a misdemeanor conviction only.[1]

On December 10, 1974, at the hearing at which Babcock entered his plea of guilty, the special prosecutor and defense counsel disagreed on whether Section 441(b) allows a prison sentence for a misdemeanor conviction. The court invited briefs on the issue but warned Babcock's counsel that his "client may well be subject to a year in jail and a $1,000 fine" if he pleaded guilty to the information. The court then asked both Babcock and his counsel whether Babcock still wanted to plead guilty. Both said yes. Babcock acknowledged that his plea was not induced by any promises or representations on the sentence he might receive. The court then accepted Babcock's plea of guilty.

The court held that a prison term might be imposed for the misdemeanor conviction under Section 440 and, on January 31, 1975, sentenced Babcock to a short prison term.

In this appeal Babcock contends that, even though the district court warned him at the time he entered his guilty plea that he might get a prison sentence, the court lacked authority to impose such a sentence. Babcock argues that his prison sentence violated Section 441(b) because he was convicted of a misdemeanor and Section 441(b) defines a "misdemeanor conviction" as one "where the punishment inflicted does not include imprisonment."

▇ Although under Section 441(b) whenever the punishment does not include imprisonment the conviction shall be deemed a misdemeanor only, the special prosecutor argues that that does not mean that every time the punishment includes imprisonment, regardless of the length of the prison term, the conviction shall be deemed a felony. We agree. The maximum sentence under Section 441 is one year, and, under 18 U.S.C. § 1 [1a] any offense for which the maximum imprisonment is a year or less is a misdemeanor.

---

1. Section 440 was repealed by the Federal Election Campaign Act Amendments of 1974 (FECAA of 1974), Pub.L. No. 93–443, § 101(f)(4), 88 Stat. 1268. The prohibition of contributions in the name of another is now contained in Section 614(a) of Title 18 of the United States Code, added by § 101(f)(1) of the FECAA of 1974.

Section 441 was unaffected by the FECAA of 1974, except that, with the repeal of Section 440, Section 441 ceased to be the penalty provision for violation of the prohibition against contributions in the name of another; 18 U.S.C. § 614(b) now provides the penalty for that offense.

Section 440 was still in effect when Babcock was convicted, and Section 441 was the controlling penalty provision.

1a. 18 U.S.C. § 1:

Notwithstanding any Act of Congress to the contrary:
(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.
(2) Any other offense is a misdemeanor.
(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense.

The special prosecutor also argues that Section 441(b) was surplusage because a conviction under Sections 440 and 441 was a misdemeanor independent of Section 441(b).

■ Generally, a statute should be interpreted to give effect to every provision. Nevertheless, a provision which is the result of obvious mistake should not be given effect, particularly when it "overrides common sense and evident statutory purpose." *United States v. Brown,* 333 U.S. 18, 68 S.Ct. 376, 92 L.Ed. 442 (1948); Sutherland, Statutory Construction § 46.06 (4th ed. 1973). Here, there was no reason for Congress to provide that all Section 441 convictions which result in no imprisonment are misdemeanor convictions when all Section 441 convictions were already misdemeanor convictions under 18 U.S.C. § 1.

The legislative history of the Federal Election Campaign Act of 1971 (FECA) does not support Babcock's interpretation of Section 441(b). It does, however, support the special prosecutor's interpretation that Congress did not intend Section 441(b) to bar prison terms under Section 441(a) and that Section 441(b) and its predecessors were intended to apply to other provisions in the Federal Election Campaign Act which contained felony penalty provisions.

The original bill, S–382, was reported out of the Senate Committee on Commerce with several parts.[2]

Title I dealt with limitations on media expenditures; it made a violation of the spending limits for nonbroadcast communications media a felony by authorizing a prison sentence up to five years.

Title II, Part A, contained amendments to the criminal code which provided for both misdemeanor and felony penalties.

Title II, Part B, in its initial sections, established disclosure requirements for federal campaign funds, including the predecessor to Section 440.[3] The penalty provision, the predecessor to Section 441(a),[4] provided that violation of any of those requirements was a misdemeanor.

The rest of Title II, Part B, contained miscellaneous provisions. One of those provisions, the predecessor to Section 441(b),[5] reduced any felony conviction under the Act to a misdemeanor conviction if no prison sentence was imposed.[6]

The bill was next considered by the Senate Committee on Rules and Administration (the Rules Committee), which reorganized the bill and renumbered some sections.[7] The Rules Committee correctly reworded the bill to reflect the reorganization, except for a word change in the predecessor to Section 441(b).[8] This word change from "Act" to "title" was the mistake that caused the problem here. The word change limited Section 441(b) to the one title rather than the whole Act.[9] This was an inadvertent change because there were no felonies in that title to reduce to misdemeanors.

---

2. S.Rep.No. 96, 92d Cong., 1st Sess. (1971), U.S.Code Cong. & Admin.News, 1972, p. 1773.

3. Section 260 of the bill; *id.* at 17, 67.

4. Section 261 of the bill; *id.* at 17, 67.

5. Section 264(b) of the bill; *id.* at 18, 67.

6. This provision affected only Title I and Title II, Part A, because there were no felony penalties in Title II, Part B.

7. Part A of Title II became Title II, and Part B of Title II became Title III. Section 261 became Section 311, and Section 264(b) became Section 314(b). S.Rep.No. 229, 92d Cong., 1st Sess. (1971), U.S.Code Cong. & Admin.News 1972, p. 1773.

8. The Committee correctly changed the language of Section 311, the penalty provision [now 2 U.S.C. § 441(a)] so that it applied to violations of "this title" [Title III] rather than "this part" [Part B].

The Committee mistakenly changed the language of Section 314(b) [now 2 U.S.C. § 441(b)] so that it applied to convictions under "this title" [Title III] rather than to convictions under "this Act".

When the FECA was codified, Section 311 became 2 U.S.C. § 441(a) and Section 314(b) became 2 U.S.C. § 441(b). The word "subchapter" was then substituted for "title" in each section to reflect the divisions of the United States Code.

9. The Section 441(b) provision was limited to Title III of the FECA.

There was no explanation or mention of the change in the Rules Committee's report on the bill. Neither was there any mention of this change in the Committee's list of amendments to the bill. The Committee's "Section-by-Section Analysis" of the bill continued to use the word "Act" when the text had been changed to "title".

The House-Senate Conference Committee reorganized and renumbered the bill again. It was here that the predecessor to Subsections 441(a) and (b), which had been previously unrelated, were joined into one section.[10]

The statute, as enacted,[11] contained the Rules Committee's mistaken wording of Section 441(b). There was no mention of Section 441(b) in the debates either in the House or the Senate or in the House-Senate Conference Committee reports.

■ We therefore hold that Section 441(b) of Title 2, United States Code, was not to be interpreted, as the law then stood, to mean that one who pleaded guilty to a misdemeanor violation of Section 440 could not be given a prison term.

Babcock pleaded guilty to the misdemeanor violation of Section 440 only after he had been warned by the Court that his plea might subject him to a year in jail and a $1,000 fine.

All convictions under Section 440 were misdemeanors. Section 441(a), which was the controlling penalty provision at the time of the acceptance of the plea, provided a maximum imprisonment of not more than one year; under 18 U.S.C. § 1, an offense so punishable was a misdemeanor.

The legislative history of the FECA shows that Section 441(b) in the act as finally adopted was surplusage and that the change of the word "Act" to "title" and the limitation of Section 441(b) to the title containing Sections 440 and 441(a) was inadvertent.

Affirmed.

10. The Conference Committee added a new Title IV, "General Provisions". It moved Sections 312, 313 and 314(a) from Title III to Title IV. It then consolidated Sections 311 and 314(b) into one section as Section 311(a) and

(b) [now 2 U.S.C. § 441(a) and (b)]. S.Conf. Rep.No. 580, 92d Cong., 1st Sess.; H.Conf. Rep.No. 752, 92d Cong., 1st Sess.

11. 86 Stat. 19 (1972).