CUMMINGS, Circuit Judge.
 

 In July 1979, plaintiff Wisconsin Higher Educational Aids Board (Board) filed a complaint in the bankruptcy proceedings involving Robert E. Lipke who had earlier been adjudged bankrupt. According to the complaint, the bankrupt received various insured student loan disbursements from the Board from November 8, 1968, though October 24, 1974, and the repayment period for the loans commenced on February 2, 1977. The Board asserted that at the time of filing its complaint, the bankrupt owed it $5,149.72, plus 7% interest. The Board asserted that this debt was not dischargeable in bankruptcy because of Section 439A of the Higher Education Act which provided in pertinent part:
 

 “(a) A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan, except that prior to the expiration of that five-year period, such loan may be released only if the court in which the proceeding is pending determines that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents.
 

 “(b) Subsection (a) of this section shall be effective with respect to any proceedings begun under the Bankruptcy Act on or after September 30, 1977.” (20 U.S.C. § 1087-3).
 
 [1]
 

 Lipke has advised us that “It is uncontested that his bankruptcy occurred during the five year period after repayment was to commence, and undue hardship is not a factor” (Br. 3).
 

 The complaint contained an alternative second cause of action alleging that Lipke’s debt to the Board was not a provable claim that can be discharged in bankruptcy under the Bankruptcy Act “because it is a contingent claim which is not capable of reasonable estimation pursuant to U.S.C. secs. 103(d), 35(a) and 93(d).” This second cause of action is no longer pressed and will not be discussed herein.
 

 The Board had previously sued Lipke for the amounts due on the notes in the Circuit Court of Dane County, Wisconsin, in February 1979, claiming $5075.45 plus interest on the same ten notes he executed between November 8, 1968, and October 24, 1974, that are presently at issue. Before judgment was entered in the state court, Lipke filed for bankruptcy on May 7, 1979, and was adjudicated bankrupt on the same day.
 

 Before the bankruptcy judge, Lipke moved to dismiss the action on the ground that the above-quoted Section 439A had been repealed on November 6,1978, by Section 317 of the Bankruptcy Reform Act of 1978, which provided as follows:
 

 “Sec. 317. Section 439A of part B of title IV of the Higher Education Act of 1965 (20 U.S.C. 1087-3) is repealed.” 92 Stat. 2678.
 

 Section 402(d) of the Bankruptcy Reform Act provided:
 

 “The amendments made by sections 217, 218, 230, 247, 302, 314(j),
 
 317,
 
 327, 328, 338, and 411 of this Act shall take effect on the [November 6, 1978] date of enactment of this Act” (emphasis added). 92 Stat. 2682.
 

 
 *1227
 
 In Section 523(a)(8) of the Bankruptcy Reform Act, Congress again made student loans non-dischargeable, but this Section arguably did not become effective until October 1, 1979, by virtue of Section 402(a) of the Bankruptcy Reform Act (92 Stat. 2682) which provided:
 

 “Except as otherwise provided in this title, this Act shall take effect on October 1, 1979.”
 

 On behalf of the Board, an affidavit was filed in opposition to Lipke’s motion to dismiss, stating that Section 439A (20 U.S.C. § 1087-3) “is in full force and effect” and that this case was also governed by Public Law 96-56 (H.R. 2807) which provides:
 

 “That section 17a of the Bankruptcy Act ([then]) 11 U.S.C. 35(a) is amended-
 

 “(1) by striking out ‘or’ at the end of clause (7); and
 

 “(2) by striking out the period at the end of clause (8) and inserting in lieu thereof: ‘or, (9) for a loan insured or guaranteed under the authority of part B of Title IV of the Higher Education Act of 1965 (20 U.S.C. 1071 et seq.) unless (a) the discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan, or (b) the discharge is granted prior to the expiration of such five-year period and the court determines that payment from future income or wealth will impose an undue hardship on the bankrupt or his dependents.’
 

 “Sec. 2. The amendments made by section 1 shall apply with respect to any proceeding commenced under the Bankruptcy Act during the period beginning on the date of enactment of
 
 this Act
 
 and ending October 1, 1979” (emphasis added). 93 Stat. 387.'
 

 This statute became law on August 14, 1979.
 

 On August 29, 1979, Bankruptcy Judge Clevert denied the bankrupt’s motion to dismiss for the reasons stated in
 
 Wisconsin Higher Educational Aids Board v. Erickson,
 
 5 BCD 734 (E.D.Wis.1979). There Bankruptcy Judge Hilgendorf noted that Section 523(a)(8) of the Bankruptcy Reform Act of 1978, also making student loans non-dis-chargeable, did not become effective until October 1,1979, whereas it was said that its predecessor Section 439A had been repealed on November 6,1978. Consequently, Erickson contended that there was an 11-month gap between the two provisions so that educational loans were assertedly dis-chargeable during that 11-month period even though Congress did not so intend. Judge Hilgendorf refused to give such a literal interpretation to the statutory provisions in order to avoid torturing the intent of Congress. Despite the legislative error, he sensibly decided that the effective date for the repeal of Section 439A was obviously intended to coincide with the effective date of its replacement Section 523(a)(8). Consequently, he “held that the term ‘date of enactment’ as used in section 402(d) as it relates to section 317 means the effective date of the Bankruptcy Reform Act of 1978, which is October 1, 1979.” Bankruptcy Judge Hilgendorf gave a second reason for holding that Section 439A should remain in effect until October 1,1979,
 
 viz.,
 
 the saving clause contained in Section 403(a) of the Bankruptcy Reform Act
 
 [2]
 
 which provided:
 

 “A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted.” 92 Stat. 2683.
 

 As a result of this saving clause, the
 
 Erickson
 
 case held as follows:
 

 
 *1228
 
 “The ease is to be conducted ‘as
 
 if this Act had not been enacted
 
 ’ which means that all cases filed before October 1,1979 are to be conducted as if the repeal of Section 439A had not been enacted. Under this construction of the statute, it makes no difference whether the bankruptcy case was filed before November 6, 1978 or after that date. Any case filed before October 1,1979, is to be conducted and determined as if the Reform Act of 1978 had not been enacted. Therefore, the rationale of the
 
 Edson
 
 case
 
 [3]
 
 would apply to all cases filed before October 1, 1979. After that date the new Section 523 will be applied to student loan dis-chargeability proceedings.” (Rec. Item 4, page 6.)
 

 The
 
 Erickson
 
 court used the following rationale to support its conclusion that Kristen Erickson’s loan was not dischargeable absent an undue hardship upon her:
 

 “This court is convinced that Congress did not intend to give students an eleven month holiday during which time student loans could be freely discharged in bankruptcy without regard to the age of the loan or a showing of undue hardship. To allow students to discharge their loans in bankruptcy before the ink on their diploma is dry is exactly what Congress intended to prevent. To carry out that intent of Congress, this court holds that the repeal of Section 439A does not become effective until October 1,1979. The motion for summary judgment of the plaintiff to dismiss the affirmative defense of the defendant that Section 439A of the Higher Education Act of 1965 has no legal effect is granted.” (Rec. Item 4, page 7.)
 

 After the decision herein of Bankruptcy Judge Clevert, Lipke filed an answer to the Board’s complaint admitting that as of May 1979 he owed plaintiff $5,149.72 (excluding interest) but claiming that the amount was no longer owed because of his discharge in bankruptcy. He again relied on the supposed repeal of Section 439A (20 U.S.C. § 1087-3) on November 6, 1978, and alternatively submitted that plaintiff’s disbursements to him from 1968 to 1974 took place prior to the enactment of that provision on October 12, 1976. The latter point is no longer pressed. Thereafter the Board filed a motion for summary judgment before Bankruptcy Judge Clevert, claiming that Section 439A (20 U.S.C. § 1087-3) was applicable to the proceeding. An attached affidavit of the administrator of plaintiff’s program for collecting delinquent loans asserted that the repayment period for the loans commenced on February 2, 1977, so that Section 439A would apply. In October 1979, the bankruptcy judge entered judgment for the Board in the amount of $5,149.72, plus 7% interest from May 7, 1979, the date when Lipke filed his bankruptcy petition, and holding that the judgment was not dischargeable. Eight days thereafter, Lipke appealed to District Judge Gordon. In the district court, Lipke asserted that Section 439A of the Higher Education Act had been repealed on November 6, 1978, long before he was adjudged bankrupt on May 7, 1979. Lipke also argued that savings clause 403(a) of the Bankruptcy Reform Act
 
 (supra
 
 p. 1227) did not defeat his right to discharge.
 

 Early in February 1980, Judge Gordon handed down his decision and order affirming the bankruptcy court’s judgment in favor of the Board. In his opinion Judge Gordon noted that Lipke had received the educational loans in question between November 8, 1968, and October 24, 1974, and that Section 439A (20 U.S.C. § 1087-3) (supra p. 1226) was effective as to Bankruptcy Act proceedings begun on or after September 30, 1977,
 
 [4]
 
 and provided for the non-dis-chargeability of such loans in bankruptcy except in “undue hardship” cases. The court refused to hold that Lipke’s educational loans were discharged even though his bankruptcy adjudication occurred during the 11-month gap between the supposed November 6, 1978, repeal of Section 439A and the October 1,1979, effective date for successor Section 523(a)(8).
 

 
 *1229
 
 To correct the gap, as the court noted, Congress passed H.R. 2807 (becoming Public Law 96-56) to be effective on its August 14, 1979, enactment date or earlier (see infra) and ending October 1, 1979, when Section 523(a)(8) of the Bankruptcy Reform Act of 1978 (the successor to 439A of the Higher Education Act) was to become effective under Section 402(a) of that statute. The enactment of H.R. 2807 plus its legislative history
 
 [5]
 
 convinced the district court that Congress did not intend to create an 11-month gap in which student loans would be dischargeable even though H.R. 2807 was ostensibly effective only from August 14, 1979, instead of from November 6, 1978, when Section 439A (20 U.S.C. § 1087-3) was arguably repealed. Therefore, Judge Gordon refused to follow the inadvertent language in the Bankruptcy Reform Act causing the gap contrary to Congressional intent, citing
 
 United Steelworkers of America v. Weber,
 
 443 U.S. 193, 200, 99 S.Ct. 2721, 2726, 61 L.Ed.2d 480 (1979);
 
 Train v. Colorado Pub. Int. Research Group,
 
 426 U.S. 1, 10, 96 S.Ct. 1938, 1942, 48 L.Ed.2d 434;
 
 Philbrook v. Glodgett,
 
 421 U.S. 707, 714, 95 S.Ct. 1893, 1899, 44 L.Ed.2d 525;
 
 United States v. American Trucking Associations,
 
 310 U.S. 534, 543-544, 60 S.Ct. 1059, 1063-64, 84 L.Ed. 1345;
 
 Church of the Holy Trinity v. United States,
 
 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226. Finally the court pointed out that in addition to Bankruptcy Judge Clevert’s ruling in this case, five other courts had concluded that higher educational loans were not dischargeable during the 11-month period in question.
 
 [6]
 
 We affirm..
 

 This case was argued before us on June 10, 1980. Eight weeks before then and unknown to the litigants, the Second Circuit had decided
 
 In re Adamo,
 
 619 F.2d 216 (1980).
 
 [7]
 
 This case was called to our attention by the Board before the oral argument because it holds that the gap created by the repeal of Section 439A (20 U.S.C. § 1087-3) was contrary to the intent of Congress and is to be disregarded in determining the dischargeability of guaranteed student loans. The
 
 Adamo
 
 opinion observed that 11 bankruptcy courts permitted student loan debts to be discharged by bankruptcy adjudications occurring after the repeal of Section 439A (20 U.S.C. § 1087-3) and before the effective date of replacement Section 523(a)(8) while an equal number of courts concluded that the repeal of Section 439A was of no effect with regard to cases commenced prior to the October 1, 1979, effective date of successor Section 523(a)(8). In language that we consider decisive here, Judge Bartel’s opinion reasoned as follows:
 

 “We conclude that the hiatus between the repeal of [Section 439A] section 1087-3 of Title 20 and the effective date of its
 
 *1230
 
 successor provision, 11 U.S.C. § 523(a)(8), was purely a manifestation of congressional inadvertence and that to follow blindly the plain meaning of the statute without regard to the obvious intention of Congress would create an absurd result in accord with neither established principles of statutory construction nor common sense” (619 F.2d at 219).
 

 The opinion outlined at length the applicable legislative history showing that H.R. 2807 was intended to close the inadvertent gap created between the November 6,1978, repeal of Section 439A, the statutory Section prohibiting discharge of student loans, and replacement Section 523(a)(8) effective on October 1, 1979.
 
 [8]
 
 While not dispositive of the appeal because of its supposed effective date of October 1, 1979, the Second Circuit relied on the savings clause contained in Section 403(a) of the Bankruptcy Reform Act
 
 (supra
 
 p. 1227) as “persuasive evidence of Congress’ desire not to impair the rights of parties to actions [like this] commenced under the old Bankruptcy Act” (619 F.2d at 221).
 

 As the
 
 Adamo
 
 Court recognized, it would be absurd to construe the Bankruptcy Reform Act to permit the discharge of student loans by debtors who accidentally had their bankruptcy petitions adjudications during the 11-month gap between Section 439A and its successor Section 523(a)(8), both of which were subjects of the Bankruptcy Reform Act. Since non-dischargeability was the statutory rule before and after the gap and there is of course no showing that Congress intended to provide a period of amnesty for student loan debtors during those 11 intervening months, the Second Circuit held that it would not “recognize the repeal of Section 1087-3 [of 20 U.S.C.; Section 439A of the Higher Education Act] before giving effect to either section 523(a)(8) of the BRA [Bankruptcy Reform Act of 1978] or the savings provision in section 403(a) [of the same statute in order not to] * * * effectuate a legislative mistake prejudicial to the substantive rights” of the creditor (619 F.2d at 222).
 

 The inclusion of Bankruptcy Reform Act Section 317 (repealing Section 439A of the Higher Education Act) in Bankruptcy Reform Act Section 402(d) referring to Sections of the Bankruptcy Reform Act to take effect on November 6, 1978, the date of enactment of the Bankruptcy Reform Act, was clearly a draftsman’s mistake and can be corrected in any of the following four ways: (1) “317” can be elided from Section 402(d) providing a November 6, 1978, effective date for eleven Sections of the Act; (2) savings clause Section 403(a) can be read as effective upon its November 6, 1978, enactment rather than on October 1, 1979, as provided generally in Section 402(a); (3) corrective H.R. 2807 (P.L. 96-56) can be construed as being effective at least from November 6, 1978, the date Section 439A was supposedly repealed, instead of from August 14,1979, when H.R. 2807 was enacted; or (4) Section 317 can be considered ineffective as to proceedings pre-October 1, 1979, when Section 523(a)(8), successor to Section 439A, became effective.
 

 We agree with
 
 Adamo
 
 that statutory provisions, here Section 317 of the Bankruptcy Reform Act (repealing Section 439A (20 U.S.C. § 1087-3)) and Section 402(d) making Section 317 effective on November 6, 1978, should not be applied strictly in accord with their literal meaning when to do so would pervert the manifest purpose of Congress.
 
 [9]
 
 Since the premature repeal of Section 439A by Section 317 of the Bankruptcy Reform Act was contrary to the intended purpose of Congress, we hold that Section 317 is ineffective with respect to
 
 *1231
 
 proceedings like these commenced prior to the October 1, 1979, effective date of the Bankruptcy Reform Act when replacement Section 523(a)(8) became operative.
 

 The judgment of February 4, 1980, is affirmed.
 

 [1]
 

 . This provision was arguably repealed on November 6, 1978, by Section 317 of the Bankruptcy Reform Act of 1978. See 92 Stat. 2678.
 

 [2]
 

 . Section 403(a) took effect on October 1, 1979, if Section 402(a) applied to it because the latter Section states “Except as otherwise provided in this title, this Act shall take effect on October 1, 1979”.
 

 [3]
 

 .
 
 Wisconsin Higher Educational Aids Board
 
 v.
 
 Edson,
 
 4 BCD 1191 (D.Nev.1979).
 

 [4]
 

 . The present bankruptcy proceedings were begun on May 7, 1979.
 

 [5]
 

 . The legislative history is discussed in depth in
 
 New York State Higher Education Services Corporation v. Leonard Anthony Kohn,
 
 5 BCD (S.D.N.Y.1979).
 

 [6]
 

 . The five cases relied upon were
 
 New York State Higher Education Services Corp. v. Henry,
 
 5 BCD 1014 (S.D.N.Y.1979);
 
 New York State Higher Education Services Corp. v. Kohn,
 
 5 BCD 519 (S.D.N.Y.1979);
 
 Wisconsin Higher Educational Aids Board v. Edson,
 
 4
 
 BCD
 
 1191 (D.Nev.1979);
 
 Hawes v. New Jersey Higher Education Assistance Authority,
 
 B 78-28 (D.N.J. October 2, 1979);
 
 Wisconsin Higher Educational Aids Board v. Erickson,
 
 5 BCD 734 (E.D.Wis.1979).
 

 Lipke admits that
 
 Kohn
 
 held “there was no reason for the repeal of § 439A and the effective date of § 523(a)(8) not to coincide” (Br. 13). Since that was the intent of Congress, we concur with
 
 Kohn.
 

 In
 
 Hawes,
 
 Senior District Judge Whipple held that the corrective amendment contained in H.R. 2807 should be construed as effective on November 6, 1978, the effective date of the repeal of Section 439A (20 U.S.C. 1087-3) rather than on August 14, 1979, the date of the enactment of H.R. 2807. To give effect to the intent of Congress to close the gap, the
 
 Hawes
 
 court decided “this Act” in Section 2 of H.R. 2807
 
 (supra
 
 p. 1227) was ambiguous and must refer to the Bankruptcy Act and not to H.R. 2807 (which became P.L. 96-56).
 

 Judge Gordon recognized that
 
 In re Mathews,
 
 CCH Bankruptcy Law Reports, 67,049 (D.Conn. Feb. 6, 1979), was to the contrary but he stated that it was decided prior to the existence of the legislative history upon which he was relying.
 

 [7]
 

 . Petition for certiorari pending
 
 sub nom. Williams v. N.Y. State Higher Education Services Corp.
 
 (Sup.Ct. No. 79-2072) 49 L.W. 3055.
 

 [8]
 

 . As stated in
 
 Silverlight v. Huggins,
 
 488 F.2d 107, 108 (3d Cir. 1973), “curative legislation [like H.R. 2807 which became P.L. 96-56] is often presumed to operate retroactively in the absence of contrary intent.” Since the legislative history of H.R. 2807 shows it was intended to breach the gap caused by the repeal of Section 439A of the Higher Education Act (20 U.S.C. § 1087-3), it could justifiably be given retroactive effect instead of being applicable only after its August 14, 1979, enactment date.
 

 [9]
 

 . For an illustration of this principle, see, e.
 
 g., Guiseppi v. Walling,
 
 144 F.2d 608, 624 (2d Cir. 1944; L. Hand, J.).