665 F.2d 683
 6 Collier Bankr.Cas.2d 21, 8 Bankr.Ct.Dec. 872,
1 Ed. Law Rep. 1117, Bankr. L. Rep. P 68,499
 In the Matter of James Edward WILLIAMSON, Bankrupt.
The BOARD OF REGENTS OF the UNIVERSITY SYSTEM OF the State
of GEORGIA For and On Behalf of the University of
Georgia, Plaintiffs-Appellees,
v.
James Edward WILLIAMSON, Defendant-Appellant.
 No. 80-7630.
 United States Court of Appeals,
Fifth Circuit.
 Unit B*
Jan. 11, 1982.
 
 Charles T. Erion, Macon, Ga., for defendant-appellant.
 Macey & Zusmann, Karen Fagin White, Atlanta, Ga., for plaintiffs-appellees.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before MILLER**, Judge, and FRANK M. JOHNSON, Jr. and THOMAS A. CLARK, Circuit Judges.
 THOMAS A. CLARK, Circuit Judge:
 
 
 1
 This case presents a pure question of statutory construction in the area of bankruptcy law. The facts are undisputed. After careful consideration of the arguments presented by both parties and the rationale set forth by the Second Circuit in In Re Adamo, 619 F.2d 216 (2d Cir. 1980), we affirm the decision of the district court.
 
 
 2
 Appellant filed his voluntary petition in bankruptcy on June 27, 1979 listing the plaintiff below, The Board of the University System of the State of Georgia, as a creditor. At the time of the filing of the voluntary petition, the plaintiff had pending in the State Court of Bibb County, Georgia a complaint against appellant seeking judgment on promissory notes for the outstanding balance due on loans. The loans were made under the provisions of the National Defense Student Loan Program and the National Direct Student Loan Program.
 
 
 3
 On July 18, 1979, the plaintiff filed a complaint in bankruptcy court, alleging that defendant's indebtedness was not dischargeable pursuant to 20 U.S.C. § 1087-3. In response, defendant filed his answer and a motion for judgment on the pleadings, alleging that 20 U.S.C. § 1087-3 was repealed by the Bankruptcy Reform Act, Pub.L.95-598, Nov. 6, 1978. The bankruptcy court granted the defendant's motion for judgment on the pleadings and entered judgment determining the debt of the defendant to the plaintiff to be discharged. The district court reversed based on the rationale of In Re Adamo, 619 F.2d 216 (2d Cir. 1980). We affirm.
 
 
 4
 Judge Bartels, writing for the Second Circuit panel, set forth the text of § 1087-3 and outlined the issue created by its legislative history.
 
 
 5
 At the time the twenty-one voluntary petitions in bankruptcy were filed, § 1087-3 of Title 20 provided, in part, as follows:
 
 
 6
 (a) A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period ... beginning on the date of commencement of the repayment period of such loan, except that prior to the expiration of that five-year period, such loan may be released only if the court in which the proceeding is pending determines that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents.
 
 
 7
 (b) Subsection (a) of this section shall be effective with respect to any proceedings begun under the Bankruptcy Act on or after September 30, 1977.
 
 
 8
 This provision was subsequently repealed effective November 6, 1978, however, by Section 317 of the Bankruptcy Reform Act of 1978 ("BRA"), Pub.L.95-598, and was replaced by an analogous section, 11 U.S.C. § 523(a)(8). Broader in scope than 20 U.S.C. § 1087-3, section 523(a)(8), as amended by Pub.L.96-56 provides:
 
 
 9
 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt-
 
 
 10
 (8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless-
 
 
 11
 (A) such loan first became due before five years ... before the date of the filing of the petition; or
 
 
 12
 (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents; ...
 
 
 13
 Under section 402(a) of the BRA, this replacement provision did not become effective until October 1, 1979, approximately eleven months after the effective date of the repeal of its predecessor, 20 U.S.C. § 1087-3. According to appellant, this interruption in the rule of nondischargeability of student loans constitutes a loophole through which certain student loan debtors now attempt to escape their repayment obligations.
 
 
 14
 619 F.2d at 218 (footnotes omitted).
 
 
 15
 Appellant asserts that because his petition was filed during the "void" unlike the 21 petitions filed in Adamo, that the case is distinguishable. Examination of the rationale of Adamo reveals the invalidity of the assertion.
 
 
 16
 We conclude that the hiatus between the repeal of section 1087-3 of Title 20 and the effective date of its successor provision, 11 U.S.C. § 523(a)(8), was purely a manifestation of congressional inadvertence and that to follow blindly the plain meaning of the statute without regard to the obvious intention of Congress would create an absurd result in accord with neither established principles of statutory construction nor common sense.
 
 
 17
 619 F.2d at 219. The Second Circuit found strong support in the legislative history for its conclusion.
 
 
 18
 The inadvertence of this action was subsequently acknowledged by the Senate Committee on the Judiciary in its report issued in connection with corrective legislation enacted as Public Law 95-56, 93 Stat. 387, on August 14, 1979. In S.Rep.No.96-230, 96th Cong., 2d Sess., 2-3, reprinted in (1979) U.S.Code Cong. & Admin.News, pp. 1883-84, the Committee explained the legislation's purpose:
 
 
 19
 The gap in coverage of a prohibition on the discharge in bankruptcy of loans made under the Guaranteed Student Loan Program resulting from the early repeal of section 349A (sic) is very undesirable and totally inadvertent. Accordingly, section 1 of the bill revises the intent of section 439A to maintain the status quo until such time as 11 U.S.C. § 523(a)(8) becomes effective.
 
 
 20
 Section 1 of the bill (H.R. 2807) closes the inadvertent "gap" created when the applicable section of the Higher Education Act of 1965 prohibiting discharge of student loans was repealed as of November 6, 1978, and its replacement section in Title II was not made effective until October 1, 1979. Congress obviously did not mean to create a gap and at all times held to the principle of nondischargeability of student loans ...
 
 
 21
 Although such an interpretation by a subsequent Congress is not necessarily controlling, it may be useful in determining the intention of an earlier Congress. Federal Housing Administration v. The Darlington, Inc., 358 U.S. 84, 90, 79 S.Ct. 141, 145, 3 L.Ed.2d 132 (1958); Banco Nacional de Cuba v. Farr, 383 F.2d 166, 175 (2d Cir. 1967), cert. denied, 390 U.S. 956, 88 S.Ct. 1038, 20 L.Ed.2d 1151 (1968); Esquire, Inc. v. Ringer, 591 F.2d 796, 803 (D.C.Cir.1978), cert. denied, 440 U.S. 908, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979).
 
 
 22
 619 F.2d at 220-21 (footnote omitted).
 
 
 23
 Like our brethren on the Second Circuit, we believe that common sense and evident statutory purpose must prevail. See United States v. Brown, 333 U.S. 18, 26, 68 S.Ct. 376, 380, 92 L.Ed. 442 (1948); United States v. Babcock, 530 F.2d 1051, 1053 (D.C.Cir.1976). A literal application of the effective date of § 317, repealing 20 U.S.C. § 1087-3, would fly in the face of Congress' intended purpose. We hold that the premature repeal of that section is of no effect with respect to the proceedings below. We therefore
 
 AFFIRM.[1]
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452-October 14, 1980
 
 
 **
 The Honorable Jack R. Miller, Judge for the United States Court of Customs and Patent Appeals, sitting by designation
 
 
 [1]
 Our result is consistent with that reached in two other circuits in addition to the Second. Wisconsin Higher Educational Aids Board v. Lipke, 630 F.2d 1225 (7th Cir. 1980); In Re Hawes, et al. v. New Jersey Higher Education Assistance Agency, No. B78-28 (D.W.J.1979), aff'd per curiam, 633 F.2d 210 (3d Cir. 1980)