POLITZ, Circuit Judge:
 

 The issue raised by this appeal presents undisputed facts to be considered within a somewhat checkered statutory framework, enhanced* by clarifying jurisprudence. On January 12, 1979, William Henry Hogan filed a voluntary petition in bankruptcy and routinely received a discharge. Listed as one of the debts was the balance due on student loans Hogan had secured between October 1968 and January 1976, a sum which, with interest, exceeds $8,000. The Wisconsin Higher Education Aids Board (Board), unsuccessful in its motion for a declaration of nondischargeability, appealed to the district court. That appeal was dismissed under Rule 8007 of the Local Bankruptcy Rules for the Bankruptcy Court for the Northern District of Texas, and the instant appeal was noticed by agreement of the parties pursuant to 28 U.S.C. § 1293(b).
 
 [1]
 
 Bound by our recent decision in
 
 In the Matter of Williamson,
 
 665 F.2d 683 (5th Cir.1982), we reverse and remand.
 
 [2]
 

 Hogan’s petition was filed during the 11 month gap between the repeal, on November 6, 1978, of 20 U.S.C. § 1087-3,
 
 [3]
 
 a limited nondischargeability provision, and the date its more comprehensive successor, 11 U.S.C. § 523(a)(8),
 
 [4]
 
 became effective on Oc
 
 *211
 
 tober 11, 1979. This hiatus was perceived as the product of congressional inadvertence, and not design, in part because of the legislative history of the corrective measure enacted by a subsequent Congress.
 
 [5]
 

 See In the Matter of Williamson; Wisconsin Higher Educ. Aids Bd. v. Lipke,
 
 630 F.2d 1225 (7th Cir.1980);
 
 In re Adamo,
 
 619 F.2d 216 (2d Cir.),
 
 cert. denied sub nom. Williams
 
 v.
 
 New York State Higher Educ. Servs. Corp.,
 
 449 U.S. 843, 101 S.Ct. 125, 66 L.Ed.2d 52 (1980);
 
 In re Hawes,
 
 No. B78-28 (D.N.J.1979),
 
 aff’d,
 
 633 F.2d 210 (3d Cir.1980).
 

 A prior panel of this court dispositively addressed this issue in
 
 In the Matter of Williamson,
 
 concurring in the judgment of our colleagues of the Second Circuit that judicial rectification was mandated, suggesting that a slavish application of § 317 of the Bankruptcy Reform Act of 1978 (repealing § 1087-3) “without regard to the obvious intention of Congress would create an absurd result in accord with neither established principles of statutory construction nor common sense.”
 
 In re Adamo,
 
 619 F.2d at 219.
 
 In the Matter of Williamson
 
 involved, as does the case at bar, the question of the dischargeability of a student loan scheduled in a bankruptcy petition filed between November 6, 1978 and August 14, 1979. We there stated and held:
 

 Like our brethern on the Second Circuit, we believe that common sense and evident statutory purpose must prevail.
 
 See United States v. Brown,
 
 333 U.S. 18, 26, 68 S.Ct. 376, 380, 92 L.Ed. 442 (1948);
 
 United States v. Babcock,
 
 530 F.2d 1051, 1053 (D.C.Cir.1976). A literal application of the effective date of § 317, repealing 20 U.S.C. § 1087-3, would fly in the face of Congress’ intended purpose. We hold that the premature repeal of that section is of no effect with respect to the proceedings below.
 

 This decision by a prior panel of this court controls. Accordingly, we must hold that the premature repeal of 20 U.S.C. § 1087-3 has no effect on the Hogan bankruptcy proceedings. While this holding precludes an automatic discharge of Hogan’s educational loans, it does not prevent his seeking relief under the undue hardship proviso of § 1087-3.
 

 REVERSED and REMANDED for further proceedings consistent herewith.
 

 [1]
 

 . Section 236(a) of the 1978 Bankruptcy Reform Act adds 28 U.S.C. § 1293(b), which provides that the courts of appeals shall have jurisdiction “of an appeal from a final judgment, order, or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.” By operation of §§ 405(c)(1) and (2), section 236(a) is applicable during the October 1979 — April 1984 transition period.
 

 [2]
 

 . The disposition of this case is compelled by
 
 In the Matter of Williamson.
 
 To preserve our institutional integrity, we must adhere to the precedent established by a prior panel. We cannot do so, however, without expressing our concern that in following the lead of our colleagues of the other circuits we have used a rule of statutory construction to effectively enact a law the Congress did not adopt. There is no ambiguity in the two statutes. The courts have strained to rectify congressional inadvertence by saying, in effect, that one statute is effective 11 months longer than Congress said it was. See,
 
 e.g., Carnegia v. Georgia Higher Educ. Assistance Corp.,
 
 691 F.2d 482 (11th Cir. 1982);
 
 In the Matter of Williamson; Wisconsin Higher Educ. Aids Bd. v. Lipke,
 
 630 F.2d 1225 (7th Cir.1980);
 
 In re Adamo,
 
 619 F.2d 216 (2d Cir.),
 
 cert. denied sub nom Williams v. New York State Higher Educ. Servs. Corp.,
 
 449 U.S. 843, 101 S.Ct. 125, 66 L.Ed.2d 52 (1980);
 
 In re Hawes,
 
 No. B78-28 (D.N.J.1979),
 
 aff’d per curiam,
 
 633 F.2d 210 (3d Cir.1980).
 

 The result of these cases comports with one’s sense of fairness, and would draw our votes if we were operating in a legislative setting. But we are not. In underscoring our concern, we highlight our apprehension that the course we have chosen to pursue has taken us over the line which separates legislative interpretation from legislating. We therefore caution those who would read this opinion to signal that such interpretative glossing will come easily in the future. It will not.
 

 [3]
 

 . Under Section 439A of the Higher Education Act, 20 U.S.C. § 1087-3:
 

 (a) A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan, except that prior to the expiration of that five-year period, such loan may be released only if the court in which the proceeding is pending determines that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents.
 

 (b) Subsection (a) of this section shall be effective with respect to any proceedings begun under the Bankruptcy Act on or after September 30, 1977.
 

 [4]
 

 . 11 U.S.C. § 523(a)(8) provides:
 

 (a) A discharge under § 727, 1141 or 1328(b) of this Title does not discharge an individual debtor from any debt — ...
 

 (8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—
 

 (A) such loan first became due before five years .. . before the date of the filing of the petition; or
 

 (B) excepting such debt from discharge under this paragraph will impose an undue
 
 *211
 
 hardship on the debtor and the debtor’s dependents; ...
 

 [5]
 

 . By way of explanation of Public Law 96-56, 93 Stat. 387, enacted August 14, 1979, the Senate Committee on the Judiciary, S.Rep. No. 96-230, 96th Cong., 2d Sess., 2-3,
 
 reprinted
 
 in [1979] U.S.Code Cong. & Admin.News, pp. 936-938, stated:
 

 The gap in coverage of a prohibition on the discharge in bankruptcy of loans made under the Guaranteed Student Loan Program resulting from the early repeal of section [439A] is very undesirable and totally inadvertent. Accordingly, section 1 of the bill [H.R. 2807, enacted as Public Law 95-96] revises the intent of section 439A to maintain the status quo until such time as 11 U.S.C. § 523(a)(8) becomes effective....
 

 Section 1 of the bill closes the inadvertent “gap” created when the applicable section of the Higher Education Act of 1965 prohibiting discharge of student loans was repealed as of November 6, 1978, and its replacement section in Title II was not made effective until October 1, 1979. Congress obviously did not mean to create a gap and at all times held to the principle of nondischargeability of student loans....