THE PEOPLE *ex rel.* ILLINOIS STATE SCHOLARSHIP COMMISSION, Plaintiff-Appellee, *v.* YVONNE CARUTHERS, Defendant-Appellant.

First District (3rd Division)   No. 82—594

Opinion filed August 31, 1983.

Orville E. Hambright, Jr., of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

The Illinois State Scholarship Commission (ISSC) brought this action against Yvonne Caruthers, defendant, for repayment of a student loan. The defendant filed a motion to dismiss the complaint, alleging that the ISSC debt had been discharged in bankruptcy. The motion was denied. The trial court certified the following question, which is the sole issue for review:

"Whether the student loan the plaintiff's [sic] are seeking to recover in their complaint is a debt barred by reason of the prior judgment or discharge in bankruptcy on February 21, 1979, by Judge McCormick?"

The defendant filed a petition for voluntary bankruptcy on January 8, 1979, listing the Hyde Park Bank & Trust Company as a creditor. The loan was made through the Illinois Guaranteed Loan Program. The ISSC acquired the instrument by assignment from the Hyde Park Bank & Trust Company and now owns it. On February 21, 1979, a discharge in bankruptcy was issued, releasing the defendant from "all dischargeable debts." The ISSC brought this action on August 11, 1981, to recover the principal balance of the loan, $4,515, plus interest, attorney fees and costs. The trial court denied the defendant's motion to dismiss. Pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), we granted leave to appeal from the interlocutory order.

On September 30, 1977, section 439A of the Higher Education Act of 1965, as amended, became effective. It provided in pertinent part:

"(a) A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period *** beginning on the date of commencement of the repayment period of such loan, except that prior to the expiration of that five-year period, such loan may be released only if the court in which the proceeding is pending determines that payment from future income or other

wealth will impose an undue hardship on the debtor or his dependents." (20 U.S.C. sec. 1087–3 (1976), current version at 11 U.S.C. sec. 523(a)(8) (Supp. IV 1980).)

This provision was repealed effective November 6, 1978, by section 317 of the Bankruptcy Reform Act (BRA), Pub. L. No. 95–598, sec. 317, 92 Stat. 2678, and replaced by an analogous section, 11 U.S.C. sec. 523(a)(8) (Supp. IV 1980). Section 523(a)(8) provides as follows:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

* * *

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—

(A) such loan first became due before five years *** before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents; ***." (11 U.S.C. sec. 523(a)(8) (Supp. IV 1980).)

This section, by virtue of section 402(d) of the BRA (Pub. L. No. 95–598, sec. 402(d), 92 Stat. 2682), became effective on October 1, 1979. Consequently, an 11-month gap in coverage of the prohibition on discharge of student loans existed between the repeal of 20 U.S.C. sec. 1087–3 (1976) and the implementation of 11 U.S.C. sec. 523(a)(8) (Supp. IV 1980).

The inadvertent creation of the hiatus was subsequently acknowledged by the Senate Committee on the Judiciary in its report issued in connection with the Act of August 14, 1979, Pub. L. No. 96–56, 93 Stat. 387. (See *In re Adamo* (2d Cir. 1980), 619 F.2d 216, 220-21.) Public Law 96–56 cured the hiatus and made student loans nondischargeable until October 1, 1979, when 11 U.S.C. sec. 523(a)(8) (Supp. IV 1980) became effective.

It was during the hiatus that the instant defendant filed her petition and received the discharge in bankruptcy. The first installment payment on the loan became due on October 4, 1977, 15 months before the petition was filed. There is no evidence that excepting the debt from discharge in bankruptcy would cause the defendant undue hardship.

The Second Circuit Court of Appeals examined the relevant provisions of the BRA in *In re Adamo* (2d Cir. 1980), 619 F.2d 216, where voluntary petitions in bankruptcy were filed prior to the repeal of 20

U.S.C. sec. 1087—3 (1976) and disposed of during the hiatus between the repeal of section 1087—3 and the effective date of its successor provision, 11 U.S.C. sec. 523(a)(8) (Supp. IV 1980). The court concluded that the interruption in the law of student loan nondischargeability "was purely a manifestation of congressional inadvertence and that to follow blindly the plain meaning of the statute without regard to the obvious intention of Congress would create an absurd result in accord with neither established principles of statutory construction nor common sense." (619 F.2d 216, 219.) The court disregarded the premature repeal of 20 U.S.C. sec. 1087—3 (1976) and ruled that the student loans were not dischargeable. 619 F.2d 216, 222.

The Seventh Circuit followed *Adamo* in *Wisconsin Higher Educational Aids Board v. Lipke* (7th Cir. 1980), 630 F.2d 1225, where the defendant's petition for bankruptcy was filed and his bankrupt adjudication was granted on May 7, 1979, during the gap in coverage. He contended that the adjudication in bankruptcy had discharged his student loan debts. Recognizing the creation of the hiatus as "clearly a draftsman's mistake," the court found section 317 of the BRA, which repealed 20 U.S.C. sec. 1087—3 (1976), ineffective with respect to the discharge of student loans in bankruptcy proceedings commenced prior to October 1, 1979, the effective date of 11 U.S.C. sec. 523(a)(8) (Supp. IV 1980), 630 F.2d 1225, 1230-31.

The Fifth and Eleventh Circuits, relying upon *Adamo,* have held that, regardless of the gap in the relevant provisions, student loans are not dischargeable in bankruptcy. See *Carnegia v. Georgia Higher Education Assistance Corp.* (11th Cir. 1982), 691 F.2d 482; *In re Williamson* (5th Cir. 1982), 665 F.2d 683.

Our research indicates that no Illinois case has addressed this issue. However, in a parallel situation, the supreme court has interpreted a portion of the Election Code "to still include the paragraph specifically deleted by the legislature" where to do otherwise would yield a result contrary to legislative intent. (*Carey v. Elrod* (1971), 49 Ill. 2d 464, 472, 275 N.E.2d 367.) In *Carey,* the court noted:

"The legislative intent in question is further evidenced by the fact that the legislature, when made aware of the language of the amendment it had made ***, restored the pertinent deleted language ***. On the question of the prior intent of the legislature, it is appropriate for us to consider this recent legislative action. [Citation.]" 49 Ill. 2d 464, 472.

Our examination of the legislative intent throughout the history of the relevant provisions of the BRA indicates that the 11-month hiatus

was indeed a manifestation of congressional inadvertence. To enforce the result of this mistake would be to thwart evident statutory purpose as well as common sense. (See *In re Adamo*.) We hold that the defendant's student loan obligation was not a "dischargeable debt" released in the bankruptcy order of February 21, 1979; therefore, the ISSC's action is not barred by reason of the bankruptcy order.

For the foregoing reasons, the interlocutory order of the circuit court of Cook County is affirmed and the cause remanded for proceedings consistent with this opinion.

Affirmed and remanded.

RIZZI and O'CONNOR, JJ., concur.