OHIO STUDENT LOAN COMMISSION, APPELLANT, *v.* HOLLEY ET AL., APPELLEES.

(No. 46348—Decided February 13, 1984.)

*Mr. Michael L. Thal,* for appellant.
*Mr. Jerome Silver,* for appellees.

*Per Curiam.* Plaintiff is appealing the judgment of the Cleveland Municipal Court in favor of defendants.

Plaintiff's complaint, which is dated May 29, 1981, is that on October 30, 1975 defendant David Holley signed an Ohio Student Loan promissory note as maker; that defendant James Holley, David's father, signed said note as comaker; that Cleveland Trust Co., the lender, assigned this note to plaintiff; that defendants have refused to pay such note and that the amount of $2,193.22, plus interest, is due on such note.

The defense of defendant David Holley was that on December 5, 1979, in bankruptcy case No. B79-1550, in the Bankruptcy Court for the Northern District of Ohio, Eastern Division, he was discharged of any and all debts at that time including subject note which was specially listed among his debts, which were filed in the bankruptcy action. His petition for bankruptcy was filed August 7, 1979.

Defendant James Holley died after subject complaint was filed and the name of Ophelia Holley, Administratrix of the Estate of James Holley, was substituted for such deceased person. The trial court held that the following provision of subject promissory note discharged the Estate of James Holley from liability on such promissory note:

"VII. In event of the death or permanent and total disability of the maker, the Commission shall discharge the maker's liability by paying to the holder the amount owed at the time of death or determination of permanent and total disability."

Plaintiff's first assignment of error is that the trial court erred in finding that defendant David Holley's student loan note was discharged in bankruptcy.

Between November 6, 1978 and October 1, 1979, there was a gap in the bankruptcy law as to the nondischargeability of student loans such as the one in subject case. Prior to such period of time and subsequent to such period of time,

such student loans were nondischargeable in bankruptcy.

Prior to November 6, 1978, the provision that guaranteed student loans were nondischargeable in bankruptcy was Section 1087-3, Title 20, U.S. Code (part of the Higher Education Act). In 1978, Congress repealed such provision effective November 6, 1978. At the same time, Congress enacted the Bankruptcy Reform Act of 1978 which included a provision that made student loans such as subject loan nondischargeable in a Chapter 7 bankruptcy. Section 523(a)(8), Title 11, U.S. Code. The effective date of the Bankruptcy Reform Act was October 1, 1979. Therefore, between November 6, 1978 and October 1, 1979, there was no specific federal statute in effect that made student loans, such as subject loan, nondischargeable in a bankruptcy case.

The law applicable to a particular bankruptcy proceeding is that law which existed on the date of filing the petition. *In re Kammerud* (S.D. Ohio 1980), 15 Bankr. 1; *In re Packer* (D. Mass. 1981), 9 Bankr. 884. Since defendant's petition in bankruptcy was filed on August 7, 1979, the applicable law is within the "gap" period previously mentioned.

The legal question presented by this assignment of error has been considered by many different bankruptcy courts and three United States Circuit Courts of Appeals who have reviewed the decisions of various bankruptcy courts. In the case of *In re Adamo* (C.A. 2, 1980), 619 F. 2d 216, the court heard appeals of twenty-one different petitions for bankruptcy on this question and wrote a comprehensive opinion on the existing state of the law on such legal question. On page 219, the court cited eleven bankruptcy court decisions that held that student loan obligations included in bankruptcy petitions, that were considered and resolved between November 6, 1978 and October 1, 1979, were dischargeable in a bankruptcy proceeding. The court

further cited an equal number of bankruptcy cases which denied petitions for discharge in bankruptcy of otherwise nondischargeable student loans even though the petitions for such bankruptcies were filed between November 6, 1978 and October 1, 1979. In a well-reasoned opinion, the court in the *Adamo* case held that such student loans were not dischargeable in bankruptcy.

The pertinent paragraphs of the syllabus of the *Adamo* case are as follows:

"3. The result of an obvious mistake on the part of a legislative body should not be enforced, particularly when it conflicts with common sense and evident statutory purpose.

"4. A statute should not be applied strictly and in accord with its literal meaning where to do so would pervert its manifest purpose.

"5. Premature repeal of the Higher Education Act provision pertaining to the dischargeability of student loans had no effect in proceedings in bankruptcy commenced prior to the effective date of the Bankruptcy Reform Act. Higher Education Act of 1965, § 439A, 20 U.S.C. (1976 Ed.) § 1087-3; Bankr. Code, 11 U.S.C.A. § 523 (a)(8); § 402(a), 11 U.S.C.A. * * *."

The *Adamo* case was followed by the courts in *Wisconsin Higher Educational Aids Board* v. *Lipke* (C.A. 7, 1980), 630 F. 2d 1225 and *In the Matter of Williamson* (C.A. 5, 1982), 6 C.B.C. 2d 21.

We conclude that the weight of authority of present law is that student loan obligations included in petitions for bankruptcy that were filed between November 6, 1978 and October 1, 1979 are not dischargeable in a bankruptcy proceeding. We agree with the present state of this law. For this reason, we hold that the trial court committed error in finding that defendant David Holley's student loan note was discharged in bankruptcy, and that plaintiff's first assignment of error has merit.

Plaintiff's second assignment of error is that the trial court erred in finding that defendant Estate of James Holley was discharged from subject student loan debt of defendant David Holley due to the death and disability provision of the student loan note.

No pertinent case authority is cited by either party as to this assignment of error. Defendants cite R.C. 1303.17(E) (ambiguous terms and rules of construction) which states as follows:

"Unless the instrument otherwise specifies two or more persons who sign as maker, acceptor, or drawer or indorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as 'I promise to pay.' "

Upon examination of subject promissory note, we find that there is no ambiguity as to the factual issue in question under this assignment of error. David Holley signed on the line designated as "maker" and James Holley signed on the line as "co-maker." Subject provision at issue in this assignment of error is addressed to the maker of the note without any mention of the co-maker and there is nothing in the promissory note to indicate that such provision is intended to apply to the co-maker.

Therefore, we hold that the trial court erred in finding that defendant Estate of James Holley was discharged from a subject student loan debt of defendant David Holley and that plaintiff's second assignment of error has merit.

Judgment reversed. Case remanded for further proceedings pursuant to law.

*Judgment reversed.*

PATTON, C.J., CORRIGAN and LYNCH, JJ., concur.

LYNCH, J., retired, of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.