**In re Tracy M. GIBSON, Debtor.**

**Tracy M. GIBSON, Plaintiff,**

v.

**COMMONWEALTH OF VIRGINIA, STATE EDUCATION ASSISTANCE AUTHORITY, Defendant.**

**Bankruptcy No. 94–23424–B.
Adv. No. 94–2154.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Feb. 9, 1995.

Tom C. Smith, Virginia Beach, VA, for debtor.

David R. Levin, Trustee, Portsmouth, VA.

### MEMORANDUM OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

I thought I had written what I intended to be my last opinion; however, by the necessity of this one, we are reminded the law is fresh everyday. New ground always abound, and we as judges find challenge at every session.

Here the debtor, Tracy Marie Gibson, filed a dischargeability complaint against the Commonwealth of Virginia's State Education Assistance Authority seeking discharge of her educational loan pursuant to 11 U.S.C. 523(a)(8)(A). Attorneys in this province are lean and considerate, so a stipulation of facts sufficed. Why make the legal publisher too happy by reciting an encyclopedia of needless detail.

 The issue is simple. Is the 105–day period of a prior bankruptcy an "applicable suspension" of the repayment period? If it is, the loan's due period is less than seven years; if not, the loan became due more than seven years, before the date of the filing of the bankruptcy petition. If due for more than seven years, it is dischargeable by operation of bankruptcy law.

The only case even close to the point is *Saburah v. United States Department of Education,* 136 B.R. 246 (Bankr.C.D.Cal.1992).

The opinion briefs the case. Neither of the parties raised the issue, but that court found that the period the automatic stay provisions of 11 U.S.C. 362(b) are in effect is includable when calculating the suspension period.

We disagree and, of course, are not bound by an obscure opinion elsewhere.

The legislative history of § 523(a)(8)(A) is clear.

"This provision is intended to be self-executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan." Senate Report No. 95–989, 95th Cong., 2d Sess. 77–79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

It keeps flowing along. There was nothing here to impede the Authority's position … save time which it must ever be sensitive to.

■ Indeed, no one did, but it can ·be argued that § 362(b)(4) excepts from stay a governmental unit's regulatory power. We can certainly take judicial notice of the Congress' concern over nonpayment of student loans and its close regulation of the matter.

■ Finally, the Code does not define "any applicable suspensions of the repayment period." What is "applicable?" Clearly, without guidance, we must turn to the plain meaning of § 523(a)(8)(A).

"[A]pplicable" is a word of restriction. The history of collecting student loans is resplendent with suspension of payments *the lender grants*. In the ordinary course of business, it is frequently done. We feel this is what the statute covers—the ordinary course of business.

■ Too, if "suspension" is extended to such areas as the automatic stay, does it then apply to other statutes such as the Soldiers' and Sailors' Civil Relief Act? We believe that had the Congress intended certain statutes to be "suspensions," it would have so provided.

### HOLDING

The debt of the debtor, Tracy Marie Gibson, to the Commonwealth of Virginia's State Education Assistance Authority is discharged in bankruptcy.

IT IS SO ORDERED.