**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TRACY MARIE GIBSON,
<u>Plaintiff-Appellant,</u>

v.

COMMONWEALTH OF VIRGINIA STATE
EDUCATION ASSISTANCE AUTHORITY,          No. 95-2595
<u>Defendant-Appellee,</u>

and

DEBERA F. CONLON,
<u>Trustee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(BK-94-23424-B; CA-95-268-2)

Argued: April 3, 1996

Decided: May 21, 1996

Before RUSSELL, HALL, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Tom Cain Smith, Jr., Virginia Beach, Virginia, for Appel-
lant. Daniel Gordon Bloor, Assistant Attorney General, OFFICE OF
THE ATTORNEY GENERAL, Richmond, Virginia, for Appellee.

**ON BRIEF:** James S. Gilmore, III, Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Tracy Marie Gibson, brought this action in conjunction with a Chapter 13 bankruptcy petition, seeking a determination of whether her student loans are dischargeable in bankruptcy. Gibson owes Appellees, Commonwealth of Virginia Education Assistance Authority, approximately $16,000 in student loan debt. Pursuant to 11 U.S.C. § 523(a)(8)(A) (1994), student loans are dischargeable in bankruptcy only if they first became due more than seven years prior to the filing of the bankruptcy petition, "exclusive of any applicable suspension of the repayment period."

Gibson's loans first became due on July 5, 1987. She filed her Chapter 13 petition on July 22, 1994. Hence, at first blush it appears Gibson's student loans have been due for the requisite seven years. However, for 105 days in 1988, repayment of this debt was automatically suspended by virtue of Gibson's filing of a Chapter 7 bankruptcy petition. If these 105 days are considered an applicable suspension of the repayment period, they must be excluded from § 523(a)(8)(A)'s seven-year period, and Gibson's student loans cannot be discharged.

The bankruptcy court held that a prior suspension of repayment during a Chapter 7 bankruptcy proceeding was not an "applicable suspension" to be excluded from § 523(a)(8)(A)'s seven-year repayment period. The district court reversed. In so doing, the district court found that § 523(a)(8)(A)'s plain language requires tolling of the repayment period during _any_ applicable suspension of repayment.

2

Repayment was clearly suspended for 105 days in 1988; hence, § 523(a)(8)(A)'s plain language requires that period to be excluded from calculation of the requisite seven years. Accord Saburah v. United States Department of Education (In re Saburah), 136 B.R. 246, 254 (Bankr. C.D. Cal. 1992) (holding that length of time repayment was suspended during prior Chapter 7 bankruptcy petition tolls § 523(a)(8)(A)'s seven-year repayment period).

To the extent Gibson contended the plain language should be overlooked in favor of congressional intent, the district court recognized § 523(a)(8)(A)'s legislative history offers her no support. In enacting § 523(a)(8)(A), Congress intended to protect the student loan program by preventing borrowers from discharging their student loans shortly after graduation. To further this policy, Congress intended to excerpt from discharge student loans until they have been"due and owing" for the statutory period. S. Rep. No. 95-989, 95th Cong., 2d Sess. 79 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5865. Application of the "due and owing" standard to the instant case reveals that Congress intended suspension of repayment during a previous bankruptcy petition to toll § 523(a)(8)(A)'s seven-year period. While the debt continued to be "owing" during those 105 days, it was not "due" because of the automatic suspension of repayment. See Georgina v. Higher Education Assistance Foundation (In re Georgina), 124 B.R. 562, 564 (Bankr. W.D. Mo. 1991) (holding that period during which lender granted a forbearance of repayment was an "applicable suspension of repayment" because, while loans were owing, they were not due).

We have read the briefs, heard oral argument, and given full consideration to the parties' contentions. Finding no error in the district court's thorough opinion, we affirm on its reasoning. Gibson v. Commonwealth of Virginia (In re Gibson), 184 B.R. 716 (E.D. Va. 1995).

AFFIRMED.