**In re Laverne SEAY.**

**Laverne Seay, Plaintiff,**

**v.**

**First State Bank, Defendant.**

**Bankruptcy No. 98–12465.
Adversary No. 98–1226.**

United States Bankruptcy Court,
N.D. Mississippi.

April 19, 1999.

Nora H. Rasco, Oxford, MS, for plaintiff.

Gerry M. Blaker, Holly Springs, MS, for defendant.

*OPINION*

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a complaint seeking the determination of the dischargeability of a student loan obligation entered into between the plaintiff, Laverne Seay ("debtor"), and the defendant, First State Bank ("First State"); the parties having agreed that the court may enter a judgment based on an agreed stipulation of facts; and the court having reviewed same, as well as, memoranda of authorities submitted by the parties, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

II.

The following facts are established by the pleading and the agreed stipulation:

a. Plaintiff entered into the following student loans with Defendant, to-wit:

September 29, 1978, in the amount of $250.00

January 2, 1979, in the amount of $250.00

October 8, 1979, in the amount of $1,000.00

b. Repayment of each of the above loans was to begin nine months after the date Plaintiff ceased to carry at least one-half (½) the normal full-time academic work load.

c. Plaintiff was enrolled as a full-time student until May, 1983.

d. Plaintiff made the following requests for deferments, extensions, etc., with reference to the above listed loans, to-wit:

1. On July 24, 1980, Request for Deferment for the period of January, 1980, to May, 1981. This request was approved July 28, 1980.

2. On January 22, 1981, Request for Deferment for the period of January, 1981, to May, 1981. This request was not marked either approved or disapproved by Defendant.

3. On October 30, 1981, Request for Deferment for the period of June, 1981, to May, 1982. This request was approved on November 2, 1981.

e. On March 8, 1984, Plaintiff's student loans were consolidated into a new contract in the amount of $1,500.00. This loan first became due on April 8, 1984.

f. Plaintiff made the following requests for deferments, extension, etc., with reference to the March 8, 1984, loan, to-wit:

1. On June 5, 1984, Request for a Class A Extension for a period of four months. This request was accepted on June 5, 1984.

2. On October 10, 1984, Request for a Class A Extension for a period of eight months. This request was accepted on October 10, 1984.

3. On October 10, 1985, Request for a Class A Forbearance for a period of five months. This request was not marked accepted by the Defendant.

4. On February 18, 1986, Request for Forbearance for a period of five months. This request was accepted on February 18, 1986.

g. In addition to the present bankruptcy, Plaintiff has filed the following bankruptcies, to-wit:

1. Chapter 13 Case Number 93–23122–D, filed on March 23, 1993, in the U.S. Bankruptcy Court for the Western District of Tennessee. This case was dismissed on December 15, 1995.

2. Chapter 13 Case Number 96–21799–B, filed on February 8, 1996, in the U.S. Bankruptcy Court for the Western District of Tennessee. This case was dismissed on October 22, 1997.

h. Defendant, First State Bank, was listed in both of the previous Chapter 13 bankruptcies as a creditor holding an unsecured nonpriority claim.

i. Defendant, First State Bank, was awarded a judgment against Plaintiff in the amount of $2,554.00 in the Justice Court of Marshall County, Mississippi, on December 9, 1997.

III.

The debtor herein seeks to discharge a federally insured student loan obligation through implementation of 11 U.S.C. § 523(a)(8)(A) [1], which provides that such a loan is dischargeable if it first became due more than seven years before the date of the filing of the bankruptcy petition. For reference purposes, § 523(a)(8)(A) is set forth as follows:

(a) A discharge under § 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or

1. All subsequent statutory citations are to the United States Bankruptcy Code unless otherwise indicated.

made under any program funded in whole or in part by a governmental unit or non-profit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due before more than seven years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

■ Effective October 7, 1998, subsection (A) of § 523(a)(8) was deleted. For all bankruptcy cases filed after that date, the only mechanism available to discharge a student loan is the undue hardship provision of § 523(a)(8)(B). The plaintiff's bankruptcy case was filed on May 26, 1998, before the effective date of the amendment. Accordingly, § 523(a)(8)(A) has been properly invoked by the plaintiff.

Although not stipulated by the parties, the court finds that the three original loans entered into between the parties in 1978 and 1979, as well as, the consolidated loan entered into in March, 1984, are subject to the provisions of § 523(a)(8) as being loans "guaranteed by a governmental unit."

IV.

The threshold issue before the court is a determination of when the loan obligations at issue "first became due." The debtor maintains that the loans first became due when the first installment payment was due. Conversely, the creditor asserts that the debt first became due on the maturity date of the consolidated loan. Although there is apparently no Fifth Circuit authority addressing this issue, decisions in the Eighth, Ninth, and Tenth Circuits conclude that a loan "first became due" when the first installment payment became due.

In *Nunn v. State of Washington (In re Nunn)*, 788 F.2d 617 (9th Cir.1986), the debtor alleged that she should be allowed to discharge a student loan obligation because the first installment payment became due more than five years before the filing of her bankruptcy petition.[2] The bankruptcy court held that the five year period specified in § 523(a)(8)(A) began with the debtor's last actual payment. Since the debtor had made her last payment within five years prior to filing her bankruptcy petition, the entire debt was found to be non-dischargeable. On appeal, the district court construed the section to mean that the five year period ran from the due date of each installment. As such, the district court reversed the bankruptcy court holding that those specific installments, which were due more than five years before the filing of bankruptcy, were dischargeable. All installments due within five years of filing were non-dischargeable. The Ninth Circuit, on further appeal, examined § 523(a)(8)(A) and emphasized the word "first" in the phrase "first became due." The court noted that a loan obligation can "first" become due only once, not several times. Recognizing that the vast majority of courts, which had examined the issue, had adopted the interpretation advocated by the debtor, the court held that a student loan obligation "first became due" for dischargeability purposes on the due date of the first installment payment. The courts in *U.S. Dept. of Education v. Scott (In re Scott)*, 147 F.3d 788 (8th Cir.1998), and *Woodcock v. Chemical Bank, NYSHESC (In re Woodcock)*, 45 F.3d 363 (10th Cir.1995), reached the identical conclusion.

■ Relying on the foregoing authorities, this court determines that, for dischargeability purposes, a student loan obli-

---

**2.** Section 523(a)(8)(A) originally provided that student loan obligations may be discharged if they were due and owing more than five years before the filing of the bankruptcy petition.

In 1990, the five year period was extended to seven years. Pub.L. No. 101–647, § 3621(1) (1990).

gation "first became due" when the first installment payment became due, not when the debt fully matured.

## V.

The debtor originally entered into three separate student loan contracts with First State in 1978 and 1979. Pursuant to the terms of the loan contracts, repayment of each loan was to begin nine months after the date the debtor ceased to carry at least one-half a normal full-time academic work load. The parties have stipulated that the debtor was enrolled as a full-time student until May, 1983. Accordingly, the first installment payment on the original notes would have been due in February, 1984. However, the three original loans were consolidated, and a new loan contract was entered into on March 8, 1984. The terms of the consolidated loan reflect that the first payment was due on April 8, 1984. Although there is only a variance of two months from the date when the first installment was due on the original loans as compared to the due date of the first installment on the consolidated loan, the court must determine which date should be used as a starting point for the seven year period set forth in § 523(a)(8)(A).

█ The Fourth and Seventh Circuits have held that the execution of a consolidated student loan begins a new seven year period for dischargeability purposes. *See, Hiatt v. Indiana State Student Assistance Commission*, 36 F.3d 21 (7th Cir. 1994); and *United States v. McGrath*, 143 B.R. 820 (D.Md.1992) aff'd, 8 F.3d 821, 1993 WL 438823 (4th Cir.1993). Although these decisions have been questioned by *Colliers on Bankruptcy* as being an impermissible expansion of the seven year period, this court finds the reasoning in the opinions to be persuasive. Accordingly, the operative date for the beginning of the seven year dischargeability period should begin on the due date of the first installment payment for the consolidated loan.

## VI.

█ The running of the seven year period can be "tolled" by "any applicable suspension of the repayment period." In effect, the seven year period is extended for a time equal to the duration of the suspension. An applicable suspension includes a deferment or moratorium on repayment agreed to by the lender and the borrower. *Eckles v. Wisconsin Higher Education Corp.*, 52 B.R. 433 (E.D.Wis. 1985). In addition, the time during which the debtor enjoyed the protection of the automatic stay in a previous bankruptcy case qualifies as an applicable suspension. *See, Commonwealth of Virginia State Education Assistance Authority v. Gibson (In re Gibson)*, 184 B.R. 716 (E.D.Va.1995) aff'd, 86 F.3d 1150, 1996 WL 267322 (4th Cir.1996); *Williams v. U.S. Department of Education (In re Williams)*, 195 B.R. 644 (Bankr.N.D.Tex.1996); *Saburah v. United States Department of Education (In re Saburah)*, 136 B.R. 246 (Bankr.C.D.Cal. 1992).

█ In the current proceeding, the debtor received three extensions or deferrals, totaling seventeen months, applicable to the consolidated loan. Extensions were granted on June 5, 1984, and October 10, 1984, for four and eight months respectively. A forbearance was granted on February 18, 1986, which extended the loan for an additional five months.

According to the stipulation, the debtor filed two previous Chapter 13 bankruptcy cases in the Western District of Tennessee. Case No. 93–23122–D was filed on March 23, 1993, and was dismissed on December 15, 1995, pending a total of thirty-three months. Case No. 96–21799–WHB was filed on February 8, 1996, and was dismissed on October 22, 1997, pending almost twenty-one months. Both cases were pending a total of fifty-four months.

The loan extensions and the previous bankruptcies qualify as applicable suspensions under § 523(a)(8)(A) and must be considered when computing the seven year period. As such, the "look back" period must be extended by a total of seventy-one months.

The debtor's current bankruptcy case was filed on May 26, 1998. As such, absent extraordinary circumstances, the seven year period would commence on May 26, 1991. However, in this case the period must be expanded by seventy-one months, representing the duration of the applicable suspensions. The operative date for dischargeability purposes, therefore, becomes June 26, 1985.

█ The first installment payment on the consolidated loan became due on April 1, 1984. This date precedes the operative date for dischargeability purposes by almost fifteen months considering all applicable suspensions. Therefore, this student loan obligation is dischargeable pursuant to the provisions of § 523(a)(8)(A).

Although the court has concluded that the claim of First State is dischargeable, since a judgment was appropriately obtained against the debtor pre-petition, a determination may become necessary as to whether this judgment is an allowed secured claim as contemplated by § 506(a) of the Bankruptcy Code.

An order will be entered accordingly.