**Paul Dewitt ELLZEY, Appellant,**

v.

**UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Appellee.**

**No. CIV.A. 03–0200–CG–M.**

United States District Court,
S.D. Alabama,
Southern Division.

Nov. 21, 2003.

Robert R. Blair, Selma, AL, for Appellant.

Charles Baer, Eugene A. Seidel, U.S. Attorney's Office, Mobile, AL, for Appellee.

## ORDER

GRANADE, Chief Judge.

This is an appeal from an order in Adversary Proceeding 02–1173, within Appellant's current bankruptcy case, Case No. 02–13518–MAM–7. This court has appellate jurisdiction over this case pursuant to 28 U.S.C. § 158(a)(1). Appellant asserts that the U.S. Bankruptcy Court Judge erred in granting a judgment against the debtor and in favor of the Government for the amounts claimed due on certain Health Education Assistance Loans, commonly known as "HEAL loans." The court finds that the U.S. Bankruptcy Court for the Southern District of Alabama correctly applied 42 U.S.C. § 292f(g), rather than the former 42 U.S.C. 294f(g). The court further finds that the debtor's previous Chapter 13 bankruptcy operated as a toll of the seven-year period under § 292f(g). As such, the decision of the U.S. Bankruptcy Court is due to be AFFIRMED.

## BACKGROUND

The facts of this case are not in dispute. Appellant, Doctor Paul D. Ellzey, attended Marquette University from 1986 through 1990 and received a degree in dentistry. He obtained four student loans under the Health Education Assistance Loan program. Loans 2, 3, and 4 were placed in repayment status on February 15, 1991, and loan I was placed in repayment status on March 31, 1991. Doctor Ellzey was granted a six month forbearance on his loan payments. Thereafter, he made 28 payments before filing for protection under Chapter 13 of the Bankruptcy Code on July 6, 1992. The United States paid for and took over the loan by assignment. Dr. Ellzey filed an adversary proceeding in his Chapter 13 case seeking discharge of his HEAL loans, but voluntarily dismissed the adversary proceeding. Dr. Ellzey received his Chapter 13 discharge on July 24, 1997.

Doctor Ellzey filed his current Chapter 7 bankruptcy case on June 21, 2002. He filed an adversary proceeding to discharge his HEAL loans on October 25, 2002. On February 12, 2003, the U.S. Bankruptcy Court for the Southern District of Alabama granted summary judgment in favor of the United States, dismissed the adversary proceeding, and entered judgment against Dr. Ellzey in the amount of $182,599.82, plus interest of $23.46 per day from November 6, 2002.

## ANALYSIS

■ Appellant asserts that the U.S. Bankruptcy Court Judge's ruling was in error for two reasons: (1) the judge applied 42 U.S.C. § 292f(g) to this case rather than its predecessor, 42 U.S.C. § 924f(g), and (2) the judge found that debtor's previous bankruptcy tolled the running of the dischargeability period of either § 292f(g) or § 294f(g). Appellant's contentions address the Bankruptcy Court's conclusions of law and, thus, will be reviewed on a *de novo* basis. *In re*

*Englander,* 95 F.3d 1028, 1030 (11th Cir. 1996).

### A. Applicable Statute

■ At the time Dr. Ellzey filed his Chapter 13 petition, on July 6, 1992, dischargeability of HEAL loans were governed by 42 U.S.C. 294f(g) which provided for the discharge of such loans if the discharge would be granted:

(1) after the expiration of the *five-year period* beginning on the first date when repayment of such loan is required, as specified in subparagraphs (B) and (C) of section 292(a)(2) of this title, when repayment of such loan is required;

(2) upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable; and

(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of this section to the borrower and the discharged debt.

42 U.S.C. 294f(g) (emphasis added). The following year, in 1993, Congress enacted the current provision, 42 U.S.C. § 292f(g) which provides that a HEAL loan is dischargeable only where all three of the following conditions exist:

(1) after the expiration of the *seven-year period* beginning on the first date when repayment of such loan is required, exclusive of any period after such date in which the obligation to pay installments on the loan is suspended;

(2) upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable; and

(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of this section to the borrower and the discharged debt.

42 U.S.C. 292f(g) (emphasis added). Appellant asserts that under the holdings of *In re Roa–Moreno,* 208 B.R. 488 (Bankr. C.D.Cal.1997) and *In re Nelson,* 183 B.R. 972 (Bankr.S.D.Fla.1995), the new provision should not be applied retroactively and, thus, is inapplicable to appellant's case. As such the five-year provision of 294f(g) would apply. However, this case does not appear to present a question of retroactive application. The order from which appellant seeks appeal was entered in an adversary proceeding within appellant's current Chapter 7 bankruptcy case. Dr. Ellzey filed his Chapter 7 bankruptcy case on June 21, 2002, long after the new provision, 292f(g), was enacted. In *Roa–Moreno,* 292f(g) was enacted during the pendency of the debtor's Chapter 13 case. Although the *Roa–Moreno* debtor filed the adversary action after 292f(g) became effective, the adversary was filed within the prior filed Chapter 13 case. Likewise, in *Nelson,* the debtor filed her adversary within a Chapter 13 case that had been filed prior to the enactment of 292f(g). The circumstances of the instant case are not analogous to *Roa–Moreno* or *Nelson.* Although appellant filed his Chapter 13 case prior to the enactment of 292f(g), the adversary at issue was not filed within appellant's Chapter 13 case, but within his Chapter 7 case. Appellant's Chapter 7 case was clearly filed after the enactment of 292f(g) and the new provision took effect upon the date of the enactment. Pub.L. 103–43 § 2101. The court finds no basis for applying the five-year provision contained in 294f(g).

### B. Tolling of Dischargeability Period

■ The Bankruptcy Court held that the seven-year period of 292f(g) was tolled during the time that Dr. Ellzey was protected from collection by the automatic stay of Dr. Ellzey's prior bankruptcy case. Appellant asserts that the period should

not be tolled and, therefore, that the seven-year period expired prior to the filing of his adversary. Appellant again sites *Roa–Moreno* and *Nelson* as support. However, *Roa–Moreno* and *Nelson* analyzed the issue under 294f(g), not 292f(g). Section 292f(g) specifically provides the seven-year period shall be "exclusive of any period after such date in which the obligation to pay installments on the loan is suspended." 42 U.S.C. § 292f(g). The Bankruptcy Judge noted that she "was unable to find any direct case law regarding whether 292(f)(g)'s seven-year waiting period is tolled by an automatic stay in bankruptcy..." February 6, 2003, Transcript at 7. This court has also been unable to do so. However, as the Bankruptcy Court also noted, the former version of the general student loan dischargeability statute, former 11 U.S.C. § 523(a)(8) contained similar language to that found in § 292f(g) in regard to the exclusion of periods during which the duty to pay was suspended. *See* former 11 U.S.C. § 523(a)(8) (providing that a student loan was dischargeable if it "first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the filing of the [bankruptcy case]."). Courts looking to 523(a)(8) have held that the automatic stay operated as a toll of the seven-year period. *In re Seay,* 237 B.R. 896, (Bankr. N.D.Miss.1999); *In re Nolan,* 205 B.R. 885 (Bankr.M.D.Tenn.1997); *In re Moody,* 202 B.R. 720 (Bankr.S.D.Ohio 1996); *In re Williams,* 195 B.R. 644 (Bankr.N.D.Texas 1996); *In re Gibson,* 184 B.R. 716 (E.D.Va. 1995) aff'd, 86 F.3d 1150, 1996 WL 267322 (4th Cir.1996); *In re Saburah,* 136 B.R. 246 (Bankr.C.D.Cal.1992).

The debtor in *Moody,* like Dr. Ellzey, had previously filed a Chapter 13 bankruptcy case. *In re Moody,* 202 B.R. at 721. In *Moody,* the debtor attempted to distinguish his case by pointing out that the debtor's prior bankruptcy was a Chapter 13 bankruptcy under which payments are made to creditors under a plan. *Id.* at 723. However, the debtor in *Moody* had not actually made any payments on her student loan debt under her Chapter 13 plan. *Id.* Thus, it was clear that the prior bankruptcy tolled the seven-year period. The *Moody* court noted that, although it did not reach the issue of whether there is a suspension of the period when a creditor actually received distributions in a chapter 13 case, "it has been found that any time the original repayment period is set aside either by cessation of payment *or modification of payments,* the repayment period has been suspended." *Id.* at 724, n. 3 (citations and internal quotations omitted, emphasis in original).

In *Seay,* the debtor had filed two previous Chapter 13 cases, one pending a total of thirty-three months and another pending almost twenty-one months. *Seay,* 237 B.R. at 900. The court found that "[t]he previous bankruptcies qualify as applicable suspensions under § 523(a)(8)(A) and must be considered when computing the seven year period." *Id.*

The court finds the analysis of the above cases to be persuasive and agrees with the conclusion of the U.S. Bankruptcy Court. The period during which Dr. Ellzey's Chapter 13 case was pending and he was protected by the automatic stay suspended his obligation to pay installments on the loan. Thus, the court finds that the Bankruptcy Court's calculations were correct. Appellant failed to wait the seven-year period required by 42 U.S.C. § 292f(g) to discharge his HEAL loans.

### CONCLUSION

For the reasons stated, the court finds that the order of the U.S. Bankruptcy Court for the Southern District of Alabama in Adversary Proceeding 02–1173,

Bankruptcy Case No. 02–13518–MAM–7, granting judgment against the debtor and in favor of the Government for the amounts claimed due on certain Health Education Assistance Loans, is due to be, and is hereby, **AFFIRMED**.